THE PEOPLE OF PUERTO RICO, Complainant, *v.* PLATA SUGAR
COMPANY and ASOCIADOS DEL PEPINO, Respondents.

No. 6. Argued June 16, 1941.—Decided June 19, 1941.

*Antonio Lens Cuena,* for the Plata Sugar Company. *Fiddler, Mc
Connell & González* and *Jorge M. Morales,* for Asociados del Pe
pino. *George A. Malcolm, Attorney General,* and *Miguel Guerra
Mondragón, Rafael Rivera Zayas* .and *Luis Venegas,* Associate
Counsel the last three, for the complainant.

MR. JUSTICE TRAVIESO delivered the opinion of the Court.

On October 24, 1940, The People of Puerto Rico, after leave of this Court, filed an information of the nature of quo warranto against the domestic corporation known as "Plata Sugar Company" and "Asociados del Pepino," the last one as trustee. The complaint alleges:

That Plata Sugar Company is a corporation organized on November 17, 1910, in accordance with the laws of Puerto Rico and which was authorized by its charter, among other things, to devote itself to the planting of sugar cane; that it is provided in its charter that its right to possess and control lands in Puerto Rico will be limited to 500 acres, in accordance with the restrictions established by Section 3 of the Joint Resolution of Congress of May 1, 1900, (U.S.C.A., Title 48, Sec. 752); that notwithstanding the express prohibition of its charter and in violation of the aforesaid Joint Resolution of May 1, 1900, "said corporation controls at present with full dominion title, as it has been controlling for some time, several properties, in excess of 500 acres, which it devotes to the planting, cultivating and harvesting of sugar cane"; and that said properties have a total area of not less than 1709 acres.

The complainant further alleges that by deed constituting a trust, executed on October 8, 1938, Antonio Lens Cuena, director and stockholder of Plata Sugar Company, as constituent, created a trust, delivering the sum of $15,000 in cash to Angel Abarca Portilla, Enrique Abarca Sanfeliz, Felipe F. Vidal, Juan Abarca Portilla and Francisco Ballester, also stockholders and directors of the respondent corporation, so that as trustees they could use the amount delivered to them for the purposes and in accordance with the faculties expressed in the deed of trust; that the following powers are conferred to said trustees, among others:

1st. To acquire lands devoted to the planting and growing of sugar cane in Puerto Rico.

914

2nd. To use the amount of $15,000, as well as any other properties which they may acquire and the produce thereof, for the benefit of the *cestuis que trustent*.

That the faculties aforementioned will be subject to the following provisions:

"(a) The business of the trust will be transacted under the name of 'Asociados del Pepino'.

"(b) The trustees will have the management and distribution of the property of the trust and shall transact its business. These faculties include authority to plant and raise sugar cane, acquire real property, devote itself to the agricultural business, sue and be sued, and operate and manage the sugar business in Puerto Rico in all its ramifications.

"(c) The interest of the *cestuis que trustent* in the property and businesses of the trust will be divided in fractions to be known as shares, for which certificates shall be issued. The certificates may be transferred by endorsement and the record of the transfer in the book which the trustees shall keep therefor. The trustees will have authority to issue from time to time, according to their discretion, a total of 120,000 shares all of which shall be of the same class and with equal privileges and rights.

"(d) The trustees will have authority to distribute dividends among the *cestuis que trustent* in proportion to their respective rights.

"(e) The trustees will have authority to issue shares in exchange for money, services or property of any kind.

"(f) Each *cestui que trust* will have the right to receive a certificate which will specify the number and class of shares of which he is the holder.

"(g) The trustees will have authority, with the consent of the owners of two-thirds of the outstanding shares, to amend the deed constituting the trust or to end said trust.

"(h) No sale or lease of the properties subject to the trust will be effected without the consent of the owners of two-thirds of all the shares.

"All of which is stated more in detail in the deed which is accompanied, marked Exhibit 'A' as an integral part of this complaint."

It is alleged furthermore, that the entity, "Asociados del Pepino," by virtue of the deed of trust aforementioned has invested itself, for all practical purposes, with the attributes of a corporation, to wit: (a) In assuming as a name to transact its business that of "Asociados del Pepino," which is not the name of the constituent, nor of any of the trustees, or any of the *cestuis que trustent;* (b) In providing that it will have authority to sue and be sued under its collective name; (c) in providing for the designation of trustees, managers and officials, with authority to represent and act for the trust; (d) in providing that the trust, and not the trustee or *cestuis que trustent* of the same, shall be responsible for the acts and contracts performed or executed by the managing directors of the trust; (e) in providing that all rights in the trust shall be represented by shares or portions negotiable at will; (f) in providing that the death or withdrawal of one of the trustees will not dissolve the trust; (g) in providing that the trust may be dissolved by the trustees with the consent of the holders of two-thirds of the portions or shares; and (h) in forbidding the alienation or lease of the real estate owned by the trust unless the consent of two-thirds of the owners of the shares or portions is obtained.

It is specifically alleged in the complaint that the aforesaid trust was created by stockholders and directors of the Plata Sugar Company with the purpose of representing that said corporation is not the owner nor is in control of tillable land in excess of 500 acres and with the purpose of violating the federal law and the insular statute which limit the holding of land in Puerto Rico; and that to achieve said end and purpose, the respondent, Plata Sugar Company, by deed of October 8, 1938, ceded and transferred to the trust, "Asociados del Pepino", the great majority of the lands which the Plata Sugar Company had possessed and controlled in violation of law, from the date of its incorporation to the date of the conveyance.

Paragraphs 9 and 10 of the complaint, copied *verbatim*, read as follows:

"9.—The constituents of the respondent, 'Asociados del Pepino,' and all the managers, officers and trustees of said respondent, have always been and are at the same time, officers, directors and stockholders of the respondent Plata Sugar Company. This complainant has information which it believes that in their capacities as such organizers, managers, officers and trustees of the respondent, 'Asociados del Pepino' said persons have acted and act at the bidding, under the control of, and for the benefit of, the respondent Plata Sugar Company. This complainant also has information, which it believes to be true, that all or practically all the officers and administrative employees of the respondent, 'Asociados del Pepino', are also officers and administrative employees of the respondent Plata Sugar Company, and that in their capacity as officers and administrative employees of the respondent, 'Asociados del Pepino', said persons have acted and act at the bidding and under the control and for the benefit of the defendant Plata Sugar Company. Through the administration, direction and control in such a manner exercised by the managers, organizers, officers, trustees and administrative employees of the respondent, 'Asociados del Pepino' the respondent Plata Sugar Company manages, directs and controls the business and transactions of the respondent, 'Asociados del Pepino' and controls the properties of 'Asociados del Pepino' in so full and complete a manner as if said properties were owned by the respondent Plata Sugar Company.

"10.—The respondent Plata Sugar Company is authorized, as has been alleged, to engage in agriculture; it is restricted by its charter to hold and control no more than 500 acres of land and by virtue of its articles of incorporation it has knowledge that said restriction is established by law; however, in spite of said restrictive prohibitions, and in open violation of the federal law and the local statutes which limit corporations engaged in agriculture in Puerto Rico to hold only 500 acres, the aforesaid respondent corporation Plata Sugar Company is the owner of and controls at present, by itself and through its agent and subsidiary, 'Asociados del Pepino' which it directly controls, certain tillable lands, in excess of 500 acres, wherein it is engaged in the planting, cultivating and harvesting of sugar cane; and each one of the two said respondent entities contributes and participates in the violations committed by the other."

It is finally alleged that the sum total of tillable lands possessed or controlled by Plata Sugar Company, by itself and through its subsidiary or agent, "Asociados del Pepino", and where it is engaged at present in agriculture, amounts to 1709 odd acres; and that the holding and control by the respondent of those great concentrations of land are contrary to the public policy declared and established by The People of Puerto Rico and are in conflict with the economic welfare of the community of the Island.

By order of April 15, 1931, the motion to strike filed by the respondents was denied. Then they filed by separate pleadings, demurrers to the complaint, on identical grounds, to wit:

1. That there is a defect or misjoinder of parties defendant.

2. That the complaint does not state sufficient facts to state a cause of action; and,

3. That the complaint is ambiguous, unintelligible and uncertain.

To uphold the demurrers separately filed by them, the parties respondent have filed a single brief, signed by counsel of both, where they argue jointly the three grounds of the demurrer. We shall argue them separately for the better understanding of the legal issues involved in this proceeding. Complainant's counsel has filed no brief.

■ Does the fact that the trust "Asociados del Pepino" was included in this action, constitute a misjoinder of parties defendant?

The Code of Civil Procedure (1933 edition), provides:

"Section 63.—Any person may be made a defendant who has or claims an interest in the controversy adverse to the plaintiff, or who is a necessary party to a complete determination or settlement of the question involved therein."

We shall see, then, if from the affirmation of the complaint it arises that "Asociados del Pepino" has an interest in the controversy adverse to the plaintiff, or if it is a neces-

sary party to a complete determination of the question involved therein.

The interest that the plaintiff has in this action is to enforce and make effective the public policy expressed by Congress and reaffirmed by the Insular Legislative Assembly, the purpose of which is to prevent the holding or control of land in large estates in excess of 500 acres, by corporations authorized to engage in agriculture. According to the averments of the complaint, the respondent Plata Sugar Company, notwithstanding the limitation imposed on it by its articles of incorporation and the restrictions established by the laws in force, "controls at present in fee simple" lands amounting to 1709 acres dedicated to the planting and raising of sugar cane. If it were proven, as it is alleged in the complaint, that the trust "Asociados del Pepino" has been created by directors and stockholders of the corporation Plata Sugar Company with the purpose of representing that said corporation is not the owner of nor controls lands in excess of 500 acres, and with the purpose that she may continue, through said trust, to exercise its control and direction over the 1709 acres of land which she had continuously possessed until the date of the conveyance to the trust, as has been alleged, in violation of law, in that case, the fact will have been established that the trust "Asociados del Pepino" is but a mere agent or instrument created by the respondent corporation to carry out its purpose of continuing to control or possess that great concentration of lands, in violation of law. And if it should happen to be true, as alleged in the complaint, that the conveyance made on October 8, 1938, by Plata Sugar Company to the trust "Asociados del Pepino" of all its lands, whether owned in fee simple or possessed by lease, was made in furtherance of its aforesaid purpose of representing that the stated corporation is no longer the owner of, nor controls lands in excess of 500 acres, and to the end that it may continue violating the laws which limit the holding of lands, in that

case the essential facts will have been established that said conveyance is but a sham instrument to conceal an illegal holding of lands; that the true and only beneficiary of the trust is Plata Sugar Company; and that the title to the property now in the name of "Asociados del Pepino" is in reality the title of Plata Sugar Company for all legal purposes.

As all the facts alleged in the complaint are accepted by the demurrer, and from them it results that Plata Sugar Company and its alleged agent "Asociados del Pepino" have a common interest, adverse to that of the complainant, we have to reach the conclusion that "Asociados del Pepino" is a necessary and indispensable party for a complete and final determination of the controversy between The People of Puerto Rico and Plata Sugar Company. See *People* v. *Fajardo Sugar Co.*, 51 P.R.R. 851.

In consequence the alleged misjoinder of parties defendant does not exist.

 Are the facts alleged in the complaint sufficient to state a cause of action?

We deem it unnecessary to make a detailed and complete examination of the essential facts alleged in the complaint. The latter, with exception of the averments relative to the creation of the trust, contains allegations. which are practically identical to those held sufficient by this Court in the case of *People* v. *Rubert Hermanos, Inc.*, 53 P.R.R. 741, affirmed by the Supreme Court of the United States in *People* v. *Rubert Hermanos, Inc.*, 309 U.S. 543, 84 L. Ed. 916. That identical averments were sufficient, was also held by this Court in *People* v. *Fajardo Sugar Co., supra,* where it was said:

"The information taken as a whole, sets forth in clear and precise terms the conception, development, and existence of a preconceived plan carried out with the intention of evading and violating the legal restrictions prohibiting agricultural corporations from owning or controlling more than 500 acres of land devoted to agriculture.

In that plan The Fajardo Sugar Company of Porto Rico is depicted as the main character, the master mind, and The Loíza Sugar Company and The Fajardo Growers Association, as secondary characters, subject to the control and direction of the former. The means and ways of which The Fajardo has availed itself to acquire and hold under its domination of control 23,800 acres (*cuerdas*) of arable land are specifically alleged in the information and show *prima facie* that the law has been violated by the defendants." (Pp. 857–858).

The third ground of the demurrer does not require a detailed study. In our judgment, the complaint is perfectly clear and intelligible, and a mere reading of its contents is enough to make one see, without possibility of misunderstanding, that what is alleged in brief is that a corporation engaged in agriculture, Plata Sugar Company, continuously violated the laws which limit the holding of land until October 8, 1938, by having registered in its name 1709 cuerdas of land, that on that date, October 8, 1938, with the purpose of representing or making it appear that it was no longer owner of those lands, it conceived and promoted the creation of a trust, represented and managed by its directors and stockholders, for the benefit of the corporation; and that through that instrument created by it, the respondent corporation continues to possess and control the same number of cuerdas of land which by deed of October 8, 1938, were conveyed to the trust.

For the reasons stated, the demurrers of both respondents must be overruled and they will be granted a term of twenty days to answer the complaint.